UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEXTER DEWAYNE ALCORN,** | ) |
| Petitioner, | ) |
| | ) No. 3:20-cv-00468 |
| v. | ) |
| | ) Judge Trauger |
| **WARDEN KEVIN MYERS,** | ) |
| Respondent. | ) |

## ORDER AND MEMORANDUM OPINION

Pending before the court is Dexter Dewayne Alcorn's pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 1). Petitioner is an inmate of the Turney Center Industrial Complex in Only, Tennessee.

**I.    Background**[1]

The petitioner was indicted on September 7, 2011, by a Montgomery County Circuit Court grand jury for especially aggravated kidnapping and aggravated robbery. *See State v. Alcorn,* No. M2016-01678-CCA-R3-CD, 2017 WL 4457596, at *1 (Tenn. Crim. App. Oct. 5, 2017). On September 17, 2012, the petitioner entered an open guilty plea to two counts, with the sentences to be served concurrently and the total sentence to be "capped at 20 [years]." *Id*. On March 1, 2013, the trial court entered judgments reflecting that the petitioner was sentenced as a Range 1, standard offender to concurrent sentences of sixteen years at one hundred percent for the especially aggravated kidnapping conviction and ten years at eighty-five percent for the aggravated robbery

---

[1] The petitioner did not complete the portion of his form Section 2254 petition detailing his previous filings related to his state court convictions for especially aggravated kidnapping and aggravated robbery. The court takes judicial notice of the petitioner's previous filings as discovered by the court's own research. *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (stating that "a court may take judicial notice of other court proceedings") (citing *Winget v. JP Morgan Chase Bank, N.A*., 537 F.3d 565, 576 (6th Cir. 2008)).

1

conviction. *See id*. The petitioner subsequently filed an untimely appeal, and the Tennessee Court of Criminal Appeals dismissed the appeal on that basis. *State v. Alcorn,* 2019 WL 5152501, at *1-2 (Tenn. Crim. App. Oct. 15, 2019).

In 2014, the petitioner filed a pro se motion for post-conviction relief in which he requested resentencing as a mitigated offender. *State v. Alcorn,* No. M2018-01618-CCA-R3-CD, 2019 WL 5152501, at *1 (Tenn. Crim. App. Oct. 15, 2019). The post-conviction court denied his motion as untimely. *See id*. Later in 2014, the petitioner filed a pro se post-conviction petition alleging ineffective assistance of counsel. After post-conviction counsel was appointed, the petitioner "apparently moved for dismissal" of the petition, which the post-conviction court granted. *Id.* In 2016, the petitioner filed a pro se motion to withdraw his guilty plea. *Id.* In the motion, he alleged that he was unjustly sentenced as a Range I offender, rather than as a mitigated offender. *Id.* The trial court denied the motion. *Id.*

In December 2017, the petitioner filed a "Motion to Vacate, Correct Clerical Error, and/or Otherwise Set Aside an Illegal Sentence" relying on Tennessee Rule of Criminal Procedure 36.1 *Id*. He argued that his constitutional rights to double jeopardy protection and due process were violated by his dual convictions for aggravated kidnapping and aggravated robbery. *Id.* After conducting a hearing, the trial court noted an error on the judgment form for the aggravated kidnapping conviction. *Id.* The court entered an amended judgment as to that count. *Id.* The court concluded, without elaboration, that the remaining issues were without merit. *Id.* The petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed. *See id*. at *2. The Tennessee Supreme Court denied permission to appeal on January 15, 2020. *Id*. at *1.

On May 19, 2020, the petitioner signed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his 2013 conviction and sentence. (Doc. No. 1 at 14). The petition was postmarked June 1, 2020 (*id*. at 18) and received by the court on June 3, 2020. (*Id*. at 1).

II.     **Preliminary Review of Section 2254 Cases**

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." *Id*.

The the law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Irick v. Bell*, 565 F.3d 315, 323 (6th Cir. 2009). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). Exhaustion means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

In his instant petition, the petitioner brings the following claims: (1) "The State Government and County-Courthouse, staff, court, and administration head had (NO) valid or lawful 'subject matter jurisdiction' of the 'felony' offenses charged; (2) "No valid or lawful 'felony' indictment(s) and return . . . sign[ed] by an Executive Officer of the Court"; (3) Insufficient service

or process and "[n]o valid or lawful 'complaint' filed"; (4) "Conviction upon 'felony cases' obtained by an unlicensed attorney who was also impersonating a 'Federal Prosecutor and Executive Officer of the Court'"; (5) United States Constitution; (6) Tennessee Constitution; (7) "Constitutional challenge to Federal Statute"; and (8) "Constitutional challenge to State Statute." (Doc. No. 1 at 5-16). After conducting the court's preliminary review under Rule 4, Rules – Section 2254 Cases, it does not appear that the petitioner has fully and fairly presented his claims to the Tennessee courts prior to filing this action. Where a habeas corpus petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose*, 455 U.S. at 522. Acknowledging that the prisoner is proceeding pro se, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed for failure to exhaust his state court remedies.

**III. Conclusion**

After conducting a preliminary review of the petitioner's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed for failure to exhaust state court remedies. The petitioner is **ORDERED TO SHOW CAUSE** why his petition should not be dismissed for that reason within 30 days of receipt of this Order and Memorandum Opinion.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge