UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEXTER DEWAYNE ALCORN, | ) |
| Petitioner, | ) |
| | ) No. 3:20-cv-00468 |
| v. | ) |
| | ) Judge Trauger |
| WARDEN KEVIN MYERS, | ) |
| Respondent. | ) |

**MEMORANDUM**

Pending before the court is Dexter Dewayne Alcorn's pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 1). The petitioner is an inmate of the Turney Center Industrial Complex in Only, Tennessee.

**I.     Background**[1]

The petitioner was indicted on September 7, 2011, by a Montgomery County Circuit Court grand jury for especially aggravated kidnapping and aggravated robbery. *See State v. Alcorn,* No. M2016-01678-CCA-R3-CD, 2017 WL 4457596, at *1 (Tenn. Crim. App. Oct. 5, 2017). On September 17, 2012, the petitioner entered an open guilty plea to two counts, with the sentences to be served concurrently and the total sentence to be "capped at 20 [years]." *Id*. On March 1, 2013, the trial court entered judgments reflecting that the petitioner was sentenced as a Range 1, standard offender to concurrent sentences of sixteen years at one hundred percent for the especially

---

[1] The petitioner did not complete the portion of his form Section 2254 petition detailing his previous filings related to his state court convictions for especially aggravated kidnapping and aggravated robbery. The court takes judicial notice of the petitioner's previous filings as discovered by the court's own research. *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (stating that "a court may take judicial notice of other court proceedings") (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

1

aggravated kidnapping conviction and ten years at eighty-five percent for the aggravated robbery conviction. *See id.* The petitioner did not file a direct appeal at this time.

On January 15, 2014, the petitioner filed a pro se document entitled "Post-Conviction Relief Motion" in which he requested resentencing as a mitigated offender. *State v. Alcorn*, No. M2016-01678-CCA-R3-CD, 2017 WL 445796, at *1 (Tenn. Crim. App. Oct. 5, 2017). The trial court denied his motion as untimely. *See id.*

On February 27, 2014, the petitioner filed a pro se post-conviction petition alleging ineffective assistance of counsel. *Id.* After post-conviction counsel was appointed, the petitioner moved for dismissal of the petition, which the post-conviction court granted on February 19, 2015. *Id.*

On May 18, 2016, the petitioner filed a pro se motion to withdraw his guilty plea in which he alleged that he was unjustly sentenced as a Range I offender, rather than as a mitigated offender. *Id.* The trial court denied the motion, and the petitioner filed an untimely appeal. *Id.* The Tennessee Court of Criminal Appeals determined that the motion, the dismissal of which resulted in the appeal, was "devoid of any merit" and declined to waive the late filing of the notice of appeal. *Id.* at *2.

In December 2017, the petitioner filed a "Motion to Vacate, Correct Clerical Error, and/or Otherwise Set Aside an Illegal Sentence," relying on Tennessee Rule of Criminal Procedure 36.1 *State v. Alcorn,* No. M2018-01618-CCA-R3-CD, 2019 WL 5152501, at *1 (Tenn. Crim. App. Oct. 15, 2019). He argued that his constitutional rights to double jeopardy protection and due process were violated by his dual convictions for aggravated kidnapping and aggravated robbery. *Id.* After conducting a hearing, the trial court noted an error on the judgment form for the aggravated kidnapping conviction. *Id.* The court entered an amended judgment as to that count. *Id.* The court

concluded, without elaboration, that the remaining issues were without merit. *Id.* The petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed on June 25, 2019. *See id.* at *1. The Tennessee Supreme Court denied permission to appeal on January 15, 2020. *Id.*

On May 19, 2020, the petitioner signed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 1 at 14). The petition was postmarked June 1, 2020 (*id.* at 18) and received by the court on June 3, 2020.[2] (*Id.* at 1). The petition raises the following claims: (1) "The State Government and County-Courthouse, staff, court, and administration head had (NO) valid or lawful 'subject matter jurisdiction' of the 'felony' offenses charged; (2) "No valid or lawful 'felony indictment(s) and return . . . sign[ed] by an Executive Officer of the Court"; (3) Insufficient service of process and "[n]o valid or lawful 'complaint' filed"; (4) "Conviction upon 'felony cases' obtained by an unlicensed attorney who was also impersonating a 'Federal Prosecutor and Executive Officer of the Court'"; (5) United States Constitution; (6) Tennessee Constitution; (7) "Constitutional challenge to Federal Statute"; and (8) "Constitutional challenge to State Statute." (*Id.* at 5-16).

Upon receiving the petition, the court conducted a preliminary review under Rule 4, Rules – Section 2254 Cases and determined that it appeared the petitioner had not met his burden of establishing that he had exhausted all available state court remedies prior to seeking habeas corpus relief in this court. (Doc. No. 4). Acknowledging that the prisoner is proceeding pro se, the court granted the petitioner thirty days to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. (*Id.*) The petitioner sought an extension of time to respond to

---

[2] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that the petitioner filed his petition on May 19, 2020, the date he signed the petition (Doc. No. 1 at 14), even though the Clerk of Court received and docketed the petition on June 3, 2020.

the show cause order (Doc. No. 7), which the court granted (Doc. No. 8). On September 24, 2020, the petitioner filed a "Notice of Exhibit List" with attachments. (Doc. No. 9).

**II.     Standard**

Under Rule 4, Rules – Section 2254 Cases, the court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then "the judge must dismiss the petition . . . ." *Id*.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq*.), prisoners have one year within which to file a petition for habeas corpus relief which runs from the latest of four (4) circumstances, one of which is relevant here—"the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

4

Further, the law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Irick v. Bell*, 565 F.3d 315, 323 (6th Cir. 2009). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to exhaust all available state remedies. Tenn. Sup. Ct. Rules, Rule 39. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### III. Rule 4 Preliminary Review

First, the petitioner has not met his burden of establishing that he exhausted all available state court remedies prior to seeking federal habeas corpus relief. The petitioner did not file a timely direct appeal of his conviction and sentence, and he withdrew his post-conviction petition for relief before the state courts had an opportunity to consider the petition. Given the absence of a claim that state court remedies are futile or unavailable, the petitioner has failed to exhaust his state court remedies prior to filing this action. Consequently, the instant federal habeas petition is subject to dismissal for that reason.

In addition, it appears that the petitioner's Section 2254 petition was untimely filed. Where, as here, a Tennessee petitioner did not pursue a direct appeal, his state court conviction is deemed "final" upon the expiration of the thirty-day time period during which he could have commenced a direct appeal. *See, e.g., Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)). Therefore, the date on which the petitioner's judgment became final by conclusion of direct review was April 1, 2013, upon the expiration of the thirty-day time period during which he could have filed a timely direct appeal.

The petitioner's AEDPA one-year limitations period commenced the next day and ran for 332 days until the petitioner submitted his post-conviction petition on February 27, 2014.[3] Pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA limitations period was tolled while his petition for post-conviction relief was pending before the state court. Then the limitations period began to run again on February 20, 2015, the day after the trial court granted the petitioner's request to withdraw his petition. At that time, the petitioner had 33 days, or until March 24, 2015, remaining to file his federal habeas corpus petition.

The petitioner filed his instant Section 2254 petition on May 19, 2020, over five years beyond the AEDPA's one-year limitations period. Accordingly, the court finds that the petition should be dismissed as untimely because it was not filed within the one-year statute of limitations for the petitioner's claims.

---

[3] The petitioner may have attempted to toll the AEDPA statute of limitations by filing his pro se "Post-Conviction Motion," but the trial court denied that motion as untimely. *Alcorn,* 2019 WL 5152501, at *1. Thus, that motion was not "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." that tolled the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Likewise, the petitioner's motion to withdraw guilty plea (filed on May 18, 2016) and his motion to vacate (filed in December 2017) had no tolling effect because he filed both motions well after the statute of limitations had expired. *See Johnson v. Westbrooks*, No. 3:13-cv-430, 2013 WL 1984395, at *1 (M.D. Tenn. May 13, 2013) ("Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitations.")

The "one-year limitations period is not a jurisdictional bar and is subject to equitable tolling in certain instances." *Ata v. Scutt*, 622 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). A petitioner seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

Here, while the petitioner fails to acknowledge the untimeliness of his petition, he contends that the AEDPA's one-year statute of limitations does not apply because his conviction is "void." (Doc. No. 1 at 13). According to the petitioner, "the defendant never had any valid or lawful 'felony judgment of conviction' which became final or otherwise, nor was there any 'charging document' from felony complaint to felony imprisonment made under 'oath' or penalties of perjury as required by law." (*Id.*) Further, the petitioner contends that "no such documents or forms bear the official name, title, signature and 'seal' of any Court or Judge . . . as such is required by law." (*Id.*)

The petitioner appears to be arguing that he entitled to equitable tolling under the "actual innocence" exception to the AEDPA limitations period because he has new evidence in the form of a void conviction. (*Id.*) A "credible showing of actual innocence" may permit a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a "credible claim of actual innocence is extremely rare," *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005), and it "should

7

'remain rare' and 'only be applied in the extraordinary circumstance.'" *Id*. at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

To satisfy the actual innocence exception, a petitioner must show "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. 298, 324. The court may then equitably toll the statute of limitations only if, "[a]fter viewing all of the evidence, […] 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt […].'" *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008) (quoting *Schlup*, 513 U.S. at 327). Notably, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

Here, the petitioner has not produced any evidence establishing that he is factually innocent of the crimes for which he was convicted. The petitioner's argument is based on the alleged legal insufficiency of charging documents. Therefore, the petitioner cannot meet the high burden of showing that he is entitled to equitable tolling on the basis of actual innocence.

In summary, the petitioner here has not presented any basis for concluding that equitable tolling applies. Accordingly, the court finds that the present petition is barred by the statute of limitations established by 28 U.S.C. §§ 2244(d)(1)(D) and may not be considered on the merits by this court.[4]

## IV. Conclusion

After conducting a preliminary review of the petitioner's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, the court finds that the petition should be dismissed on two grounds. First, the petitioner failed to exhaust all available state court remedies before filing his petition. In

---

[4] The response filed by the petitioner to the court's show cause order fails to address exhaustion or timeliness and focuses only on the merits of the claims raised in his petition. (Doc. No. 9).

addition, the petitioner filed his petition well beyond the AEDPA's one-year limitations period, and he has not established that he is entitled to equitable tolling. Accordingly, the petition will be denied, and this action will be dismissed.

## V.     Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of the petitioner's claims, the court will deny a COA.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge